## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ALFRED STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-57-SEB-TAB |
| | ) | |
| GREGORY A. BALLARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Denying Motion to Reconsider

The plaintiff seeks reconsideration of the June 11, 2012, Entry granting the defendants' motion for summary judgment in this employment action. On July 9, 2012, plaintiff Alfred Stone filed a motion to reconsider that ruling. Stone seeks reconsideration based on "several factual errors" and argues that the court "rejected the precedent for shifting the evidentiary burden."

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991).

Given the timing of the motion to reconsider relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union,* 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

The request for reconsideration is **denied** because the court made a correct ruling on the defendants' motion for summary judgment and no persuasive basis for reconsidering that ruling has been shown.

For example:

- Stone's claim that hiring manager D. Scott Mason ("Mason") failed to provide evidence of his reasons for rejecting Stone was discussed at Dkt 71 pgs. 8-11. No persuasive basis for reconsidering this ruling has been shown.

- Stone asserts that Mason's interrogatory response stating that a software program, Vurv Express, was no longer available for reference (by him) is contradicted by Human Resource Specialist Tisha Galarce's affidavit, in which she states that she utilized Vurv Express to retrieve records related to the relevant job listing. Stone asserts that the Vurv Express records may explain why Stone was rejected for the position of building inspector. What these records reveal (and why some employees had access to them and others did not) could have been determined in the course of discovery. In the alternative, this issue could have been raised consistent with *Federal Rules of Civil Procedure* 56(d).

- Stone's argument that his criminal history should not be considered because he is rehabilitated was previously rejected. This court properly concluded that "contrary to Stone's assertion, the evidence is not barred by Federal Rules of Evidence 609(b)." Dkt. No. 71 at 3 fn.2. Stone's history of several arrests is not used to attack Stone's character or truthfulness, but instead is information provided by Stone on his employment application which the City was not prohibited from considering in its hiring decision, regardless of how many years have passed since the arrests occurred. *Id.*

- Stone alleges that the City's legal department "lied" to the EEOC by representing that O'Hare worked for the City on February 11, 2010, when in fact he had resigned on January 27, 2010. This, Stone argues, is proof that Mayor Ballard had a policy of hiring unqualified young white males over qualified black males. This argument is frivolous. (Dkt. No. 71 at fn.3).

Stone criticizes this court for failing to connect the dots he has laid out. But Stone has consistently failed to create an accurate and logical path from the evidence to his proposed legal conclusions.

There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). When assessing the motion filed on March 31, 2005, the court did not misapprehend the defendant-s claims, nor did it misapply the law to those claims in light of the underlying record and the applicable law. See *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005). Accordingly, the motion for reconsideration [73], treated as a motion to alter or amend judgment is **denied.**

**IT IS SO ORDERED.**

Date: ___10/04/2012___                      _Sarah Evans Barker_
                                            SARAH EVANS BARKER, JUDGE
                                            United States District Court
                                            Southern District of Indiana

Distribution:

ALFRED STONE
PO Box 33389
Indianapolis, IN 46203

All Electronically Registered Counsel